IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BCL-EQUIPMENT LEASING LLC,

                               Plaintiff,

    v.                                                                               OPINION & ORDER

TOM SPENSLEY TRUCKING, INC. and                       16-cv-007-jdp
TOM SPENSLEY,

                              Defendants.

      This is a replevin action in which plaintiff BCL-Equipment Leasing LLC seeks the return of collateral truck equipment. Defendants Tom Spensley Trucking, Inc. and Tom Spensley have defaulted on payments for the equipment, due under an agreement that the parties entered into in December 2014. Defendants acknowledge that they owe BCL money, but they would like to pay the entire amount due rather than surrender the collateral.

      Two motions are pending before the court. First, defendants have moved to dismiss the case as moot. Dkt. 10. They contend that there is no longer a case or controversy because BCL rejected an offer of judgment under Federal Rule of Civil Procedure 68 to pay BCL everything due under the parties' agreement. Second, BCL has moved for an order of replevin, seeking possession of the collateral that defendants have refused to return. Dkt. 13. The court will deny defendants' motion to dismiss and strike their improperly filed offer of judgment. The court will also defer ruling on BCL's motion for replevin. Before the court can address the merits of the case, BCL must file an amended complaint that adequately alleges a basis from which the court can exercise subject matter jurisdiction.

ALLEGATIONS OF FACT

The court draws the following facts from the verified complaint and the exhibits attached to it. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

BCL is an Illinois limited liability company. All of BCL's members are citizens of Illinois. Spensley Trucking is a Wisconsin corporation with a principal place of business in Platteville, Wisconsin. Tom Spensley is an individual who resides in Platteville, Wisconsin.

BCL and Spensley Trucking entered into an agreement on December 30, 2014. Dkt. 1-2. Under the agreement, BCL leased trucking equipment to Spensley Trucking for a term of three years, with the option to extend the lease for one additional year. At the end of the lease, Spensley Trucking had the option to purchase the equipment. Tom Spensley guaranteed Spensley Trucking's obligations.

In October 2015, Spensley Trucking failed to make its required monthly payment. The company then missed the next two months' payments as well, and so BCL sent a demand letter to Tom Spensley. The letter stated that Spensley Trucking was in default, and it demanded the return of the collateral (i.e., the trucking equipment) and total payment for the remainder of the lease. BCL was able to repossess two pieces of equipment, but Spensley Trucking refused to return the other seven pieces or pay the amount demanded.

BCL filed suit in this court on January 6, 2016. At the time, Spensley Trucking had a past due balance of $35,948.49, consisting of three missed payments, late charges, and repossession fees. Adding anticipated payments for the remainder of the lease—which became due immediately under the agreement's acceleration clause—and attorney fees, BCL alleged that it had suffered damages in the amount of $278,548.49.

Defendants have moved to dismiss BCL's complaint as moot, principally relying on a rejected offer of judgment that they provided to BCL after the complaint was filed. BCL has filed a motion for an order directing defendants to return all of the collateral.

BCL alleges that the court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.

## ANALYSIS

The court must address two jurisdictional arguments before proceeding to the merits of BCL's claims. First, defendants contend that this case is moot because BCL rejected their offer of judgment, which offered to pay BCL a "payoff amount" under the parties' agreement. As an initial matter, the court will strike the rejected offer of judgment, Dkt. 14-3, which defendants improperly filed. *See* Fed. R. Civ. P. 68(b) ("Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."); *Labuda v. Schmidt*, No. 04-cv-1281, 2005 WL 2290247, at *2 (N.D. Ill. Sept. 19, 2005) ("Because plaintiffs never accepted the offer, however, it should never have been filed.").

Regardless of defendants' procedural faux pas, the Supreme Court recently held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), *as revised*, (Feb. 9, 2016). Defendants do not bother to distinguish this precedent in their reply (after BCL brought it to their attention in its opposition), nor can the court conceive of a way to do so. Because a rejected offer of judgment does not moot a plaintiff's claims, the court will deny defendants' motion to dismiss this case as moot.

The second jurisdictional issue is one that the court must raise *sua sponte* because federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). BCL has alleged that it is a citizen of Illinois and that Spensley Trucking is a citizen of Wisconsin. But with regard to Tom Spensley, BCL has alleged only that he "resides" in Platteville, Wisconsin. Dkt. 1, ¶ 3. These allegations do not establish a complete diversity of citizenship for purposes of exercising jurisdiction under 28 U.S.C. § 1332. "In federal law citizenship means domicile, not residence. . . . [W]hen the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction." *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). Instead of dismissing the case, the court will allow BCL to file an amended complaint that adequately alleges Tom Spensley's citizenship. If BCL fails to timely and properly amend, then the court will dismiss this case for lack of subject matter jurisdiction.

Because the issue of subject matter jurisdiction is unresolved, the court must defer ruling on BCL's motion for replevin. *See Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) ("[C]ourts cannot decide any controversy over which they lack subject-matter jurisdiction."). But the court is mindful of the Seventh Circuit's closing remark in *Chapman v. First Index, Inc.*, which questioned whether courts should expend judicial resources on cases where a defendant has offered to pay all that the plaintiff claims is owed:

> why should a court supply a subsidized dispute-resolution service when the defendant's offer [of judgment] means that there's no need for judicial assistance, and when other litigants, who do need the court's aid, are waiting in a queue? Ordering a defendant to do what it is willing to do has no legitimate claim on judicial time. Why should a judge do legal research and write an opinion on what may be a complex issue when the plaintiff can have relief for the asking?

4

796 F.3d 783, 787 (7th Cir. 2015). Given that defendants appear to be willing to pay BCL all that is owed, the parties may be able "to secure the just, speedy, and inexpensive determination" of this case by simply talking to each other. Fed. R. Civ. P. 1. At the very least, BCL can provide a specific dollar amount that would allow defendants to redeem their collateral under 810 Ill. Comp. Stat. 5/9-623, which may satisfy both sides and save them the expense of further litigation.

ORDER

IT IS ORDERED that:

1. Defendants Tom Spensley Trucking, Inc. and Tom Spensley's motion to dismiss, Dkt. 10, is DENIED.

2. Plaintiff BCL-Equipment Leasing LLC may have until March 31, 2016, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332. Failure to timely amend will result in prompt dismissal of this case for lack of subject matter jurisdiction.

3. Defendants' rejected offer of judgment, Dkt. 14-3, is STRICKEN.

4. The court will defer ruling on plaintiff's motion for return of property, Dkt. 13, until after determining whether there is a basis to exercise subject matter jurisdiction over this case.

Entered March 17, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge