IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BCL-EQUIPMENT LEASING LLC,

                Plaintiff,

v.                                                        ORDER

TOM SPENSLEY TRUCKING, INC. and                  16-cv-007-jdp
TOM SPENSLEY,

                Defendants.

---

After reviewing the parties' written and oral submissions on plaintiff BCL-Equipment Leasing LLC's motion for return of property, Dkt. 13, the court finds that:

1. Due notice has been given to defendants Tom Spensley Trucking, Inc. and Tom Spensley that the property described below ("Property") is the subject of a motion for prejudgment possession.

2. Plaintiff filed its verified complaint for money damages, replevin, and turnover on January 6, 2016, and its amended complaint on March 31, 2016 (collectively, the "Complaint").

3. Defendants were served with the Complaint initially on January 12, 2016, and an appearance was filed on behalf of all defendants on February 2, 2016.

4. Plaintiff has established a superior right to possession of the Property and has also demonstrated a probability that it will ultimately prevail on the underlying claim to possession.

5. Based on the affidavits of plaintiff's employees and arguments of counsel at the hearing held before this court on Tuesday, May 10, 2016, plaintiff has made a preliminary showing that:

    a. Plaintiff is entitled to the possession of the Property claimed and the Property has been described with sufficient particularity;

    b. The Property is wrongfully detained by defendants;

    c. Defendants have not made all monthly payments to plaintiff required under the Lease Agreement between the parties, as identified in the Complaint;

    d. Defendants are in possession of the Property;

e. Defendants have detained the Property because they are unwilling to surrender it to plaintiff.

f. The Property has not been taken for a tax, assessment, or fine, nor has it been seized under any execution or attachment against plaintiff's property, or, if so seized, it is exempt from seizure;

g. According to the information provided at the hearing held on May 10, 2016, the Property is worth approximately $350,000.00, as of May 10, 2016;

h. The Property is located at 2170 Maple Ridge Road, Platteville, Wisconsin 53818; and

i. Pursuant to Chapter 810 of the Wisconsin Statutes and the Lease Agreement entered into between the parties, plaintiff is entitled to immediate possession of the Property.

The parties have jointly agreed to waive the requirement that plaintiff post a replevin bond. Dkt. 37. Based on the parties' joint motion—and particularly based on defendants' agreement to voluntarily surrender the property—the court will not require plaintiff to post a replevin bond.

Accordingly, IT IS ORDERED that:

1. Plaintiff and/or its designated agent may immediately take physical possession or the proceeds/rentals from the release or sublease, of the following Property:

    a. 2006 Peterbilt 379 Day Cab VIN#1XP5D49X06N896179

    b. 2013 Eagle Beaver 35 GSL/BR Trailer VIN 112SAZ5530DL078332

    c. 2009 Peterbilt 366 Fertilizer VIN 1NPWLBTX89D778146

    d. 2012 Chandler Fertilizer Spreader Cart SN  239 52

    e. 2012 Chandler Fertilizer Spreader Cart SN  239 40

    f. 2006 Peterbilt 357 w/Dump Box VIN 1NPALUTX96N644323

    g. 2012 Peterbilt 386 VIN 1XPHD49X6CD143013

2. Defendants, jointly and severally, must surrender the above-described Property to plaintiff immediately at defendants' primary business address located at 2170

    Maple Ridge Road, Platteville, Wisconsin 53815 or anywhere else the Property is located.

3. For any items of Property that defendants claim are not in their possession, defendants must provide plaintiff with a written statement of the location, identification and contact information of the party in possession and provide any lease, contract, or other rental agreement relating to each piece of Property not in their possession within 24 hours of the date of this Order.

4. If defendants fail to surrender to plaintiff Property in their possession, or if defendants fail to provide plaintiff with a written statement of the location, identification and contact information of the party in possession and provide any lease, contract, or other rental agreement relating to each piece of Property not in defendants' possession, the court may enter monetary damages for unlawful detention and other remedies as the court deems appropriate to enforce this Order.

5. If defendants fail to voluntarily surrender the Property, then the U.S. Marshals Service or such other Wisconsin officer to whom this Order is directed, must take the Property that may be found in your County, and deliver the same to plaintiff or to its agent as directed, unless defendants execute a bond and security in an amount to be determined by this court after application, in which case you shall return said bond so taken, together with this Order, to the Clerk of the Court.

Entered May 18, 2016.

                                                              BY THE COURT:
                                                              /s/

                                                              _____
                                                              JAMES D. PETERSON
                                                              District Judge