IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BCL-EQUIPMENT LEASING LLC,

       Plaintiff,

 v.                 OPINION & ORDER

TOM SPENSLEY TRUCKING, INC. and     16-cv-007-jdp
TOM SPENSLEY,

       Defendants.

---

  This is a replevin action arising out of defendants Tom Spensley Trucking, Inc. and Tom Spensley's alleged breach of a contract that they had with plaintiff BCL-Equipment Leasing LLC. BCL has two motions before the court: a motion to dismiss defendants' counterclaims, Dkt. 32, and a motion to strike defendants' affirmative defenses, Dkt. 29. Defendants agree that the court should dismiss some of their counterclaims and strike some of their affirmative defenses. But they oppose the remaining aspects of BCL's motions. After reviewing the parties' submissions, the court will dismiss some, but not all, of defendants' counterclaims and will strike each of defendants' affirmative defenses.

BACKGROUND

  The court has discussed the facts of this case in two earlier orders. Dkt. 23 and Dkt. 26. The short version is that in December 2014, Spensley Trucking agreed to make monthly payments to BCL for the use of several pieces of trucking equipment. Spensley himself personally guaranteed these obligations. In October 2015, Spensley Trucking stopped making payments. A few months later, BCL engaged in "self-help" by going onto Spensley's property, disabling some of the pieces of trucking equipment, and removing other pieces.

BCL eventually filed suit to recover Spensley Trucking's past due payments and the rest of the equipment.

ANALYSIS

This order addresses first BCL's motion to dismiss defendants' counterclaims, then BCL's motion to strike their affirmative defenses.

**A. Counterclaims**

Defendants asserted counterclaims against BCL for: (1) conversion; (2) declaratory judgment; (3) trespass; (4) tortious interference with contract; (5) breach of contract; and (6) breach of the covenant of good faith and fair dealing. BCL moves to dismiss these counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). The standard for dismissing a counterclaim under Rule 12(b)(6) is the same as the standard for dismissing an affirmative claim: the court "construe[s] the counterclaim in the light most favorable to [defendants], accepting as true all well-pleaded facts and drawing reasonable inferences in their favor." *United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). The court will dismiss a counterclaim only if defendants have failed to "allege sufficient factual matter to state a claim to relief that is plausible on its face." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (citations and internal quotation marks omitted).

In responding to BCL's motion, defendants voluntarily dismiss their counterclaims for breach of contract and for breach of the covenant of good faith and fair dealing. Dkt. 39, at 8. The court will grant these aspects of BCL's motion as unopposed. But defendants have alleged plausible counterclaims for declaratory judgment, conversion, trespass, and tortious interference with contract. The court will deny these aspects of BCL's motion.

Defendants' counterclaim for declaratory judgment provides the foundation for their theory of the case and for some of their other counterclaims. The parties' contract includes unambiguous language indicating that it is a lease and not a secured transaction. Dkt. 24-3, at 6. Despite this language, defendants ask the court to declare that the parties entered into a secured transaction and to construe the contract accordingly. Dkt. 25, ¶¶ 71-75. Defendants contend that the court's "determination regarding the true nature of the parties' transaction will have a drastic effect on [d]efendants' rights in the collateral," which are "markedly different if the agreement between the parties constituted a lease or a secured transaction." Dkt. 39, at 2-3. Specifically, defendants contend that if the agreement was a secured transaction, then they had a right to redeem the collateral and BCL did not have a right to breach the peace in attempting self-help. *Id.* at 5-6. At this point, defendants' counterclaim for declaratory judgment looks like a long shot.

But whether defendants can succeed on this counterclaim, and whether their overarching theory of the case is correct, are issues for another day. For now, defendants have alleged an actual controversy over how to interpret the parties' contract. These allegations are sufficient to state a claim for declaratory judgment. *See Klinger v. Conan Doyle Estate, Ltd.*, 755 F.3d 496, 499 (7th Cir.), *cert. denied*, 135 S. Ct. 458 (2014) ("Declaratory judgments are permitted but are limited—also to avoid transgressing Article III—to 'case[s] of actual controversy,' 28 U.S.C. § 2201(a), that is, actual legal disputes."). The court will deny BCL's motion to dismiss this counterclaim.

Defendants' counterclaims for conversion and trespass arise out of their contention that BCL did not have a right to come onto Spensley's property and disable or remove any pieces of trucking equipment. *See* Dkt. 25, ¶¶ 62-70, 76-81. BCL moves to dismiss these

3

counterclaims because the parties' agreement acknowledged that its agents could "[p]eacefully repossess the Property without court order and [defendants] will not make any claims against [BCL] for damages or trespass or any other reason." Dkt. 24-3, at 6. According to BCL, defendants cannot succeed on their counterclaims because the language of the agreement explicitly authorized the actions that BCL took. But again, this argument goes to the merits of the case, not to the legal sufficiency of defendants' counterclaims.

To prove a claim for conversion under Illinois law, a plaintiff must establish that "(1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson*, 184 Ill. 2d 109, 703 N.E.2d 67, 70 (1998).[1] Likewise, a defendant is liable for trespass under Illinois law when he enters onto a plaintiff's land "without permission, invitation, or other right." *Benno v. Cent. Lake Cty. Joint Action Water Agency*, 242 Ill. App. 3d 306, 609 N.E.2d 1056, 1061 (1993). Here, defendants have pleaded facts to support the elements of these claims. They allege that BCL injured them by coming onto Spensley's property without a legal right to do so, remained there after Spensley asked them to leave, and disabled and removed their trucking equipment. These claims turn on whether the parties' contract authorized BCL's agents to try to recover the trucking equipment and on the circumstances under which those agents went onto Spensley's property. Contrary to BCL's assertions, the pleading stage is not the appropriate time to resolve these merits-based issues, which involve disputes of fact. The court will deny BCL's motion to dismiss these counterclaims.

---

[1] Illinois law governs the parties' contract. Dkt. 24-3, at 8.

Defendants' remaining counterclaim for tortious interference with contract arises out of their allegations that they had arranged to sell one of the trucks. Dkt. 25, ¶ 83. BCL had inadvertently acquired the title document to the truck (presumably when taking title to the other pieces of equipment as part of the parties' transaction), but it delayed in returning the document to defendants. *Id.* ¶¶ 84-85. The delay caused defendants' sale to fall through, and it left them without the funds to pay off some or all of their debt to BCL. *Id.* ¶ 85.

A claim for tortious interference with a contract under Illinois law has five elements: "(1) the existence of a valid and enforceable contract between the plaintiff and a third party; (2) defendant's awareness of the contract; (3) defendant's intentional and unjustified inducement of a breach; (4) defendant's wrongful conduct caused a subsequent breach of the contract by the third party; and (5) damages." *Echo, Inc. v. Timberland Machines & Irr., Inc.*, 661 F.3d 959, 968 (7th Cir. 2011). BCL moves to dismiss this counterclaim because defendants have not alleged particular factual details to support it (e.g., who agreed to buy the truck, how BCL came to possess the title to the truck, why the purchaser backed out of the deal).[2] But these are specifics that the parties can flesh out through discovery. Defendants have stated a plausible claim for tortious interference with contract, and they have complied with Rule 8 by providing BCL "with fair notice of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citations and internal quotation marks omitted). The court will deny BCL's motion to dismiss this counterclaim.

---

[2] BCL also argues that defendants failed to allege that BCL knew of the contract and impending sale, Dkt. 32, at 16. Yet defendants' counterclaim explicitly alleges that "Spensley informed [BCL] that the purpose of getting the title back to him was to sell the equipment and pay [BCL] a portion of the proceeds." Dkt. 25, ¶ 85.

**B. Affirmative defenses**

Defendants initially asserted (as best the court can discern) 10 affirmative defenses to BCL's claims. Dkt. 25, ¶¶ 44-61. BCL moves to strike each of these defenses pursuant to Rule 12(f). Although the Seventh Circuit has not yet explicitly ruled on whether the *Twombly-Iqbal* standard applies to affirmative defenses, many courts in this circuit have applied it. *See Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014) (collecting cases). For the purposes of this motion, the court will follow what appears to be the emerging rule in this circuit and assume that the *Twombly-Iqbal* standard applies to defendants' affirmative defenses.

Rule 12 allows the court to correct defective pleadings by dismissing them, requiring parties to revise them into more definite statements, or striking them. As the moving party, BCL has the burden to show "that the challenged allegations are so unrelated to [BCL]'s claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Kaufman v. McCaughtry*, No. 03-cv-27, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003).

In responding to BCL's motion to strike, defendants withdraw all but one of their affirmative defenses.[3] Defendants oppose striking their affirmative defense of unclean hands, contending that their answer alleges a pattern of conduct through which BCL sought to force them into default and capture their equity in the trucking equipment. This defense relates to defendants' allegations that BCL: (1) refused to provide them with a "payoff amount" that

---

[3] Defendants expressly oppose only BCL's motion to strike their affirmative defense of unclean hands. Dkt. 39, at 8-9. Their express agreement to withdraw seven of their affirmative defenses, combined with their implicit abandonment of the remaining defenses, leaves only one affirmative defense at issue.

would allow defendants to keep possession of the trucking equipment; and (2) intentionally delayed sending them the title to the truck that they had contracted to sell. Dkt. 39, at 9.

BCL argues that the doctrine of unclean hands would merely preclude it from obtaining equitable relief. Yet here, BCL is seeking only monetary damages and an order of replevin. *See* Dkt. 22, ¶¶ 6-43. Under Illinois law, "replevin is a legal, not an equitable action." *Hitt v. Stephens*, 285 Ill. App. 3d 713, 675 N.E.2d 275, 278 (1997) (citing *Gen. Motors Acceptance Corp. v. Vaughn*, 358 Ill. 541, 193 N.E. 483, 486 (1934)). Thus, there do not appear to be any claims to which the affirmative defense of unclean hands would apply. The court will grant BCL's motion to strike this affirmative defense, with the understanding that defendants may reinstate it if BCL decides to seek equitable relief.

## ORDER

IT IS ORDERED that:

1. Plaintiff BCL-Equipment Leasing LLC's motion to strike defendants Tom Spensley Trucking, Inc. and Tom Spensley's affirmative defenses, Dkt. 29, is GRANTED. All affirmative defenses in defendants' answer, Dkt. 25, are STRICKEN.

2. Plaintiff's motion to dismiss defendants' counterclaims, Dkt. 32, is GRANTED in part and DENIED in part:

    a. Counterclaims V (breach of contract) and VI (breach of covenant of good faith and fair dealing) in defendants' answer, Dkt. 25, are DISMISSED without prejudice.

    b. The remaining counterclaims in defendants' answer will remain in the case.

Entered June 21, 2016.

> BY THE COURT:
> /s/_____
> JAMES D. PETERSON
> District Judge